UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SCOTT BERLIN,                                             CASE NO.:

    Plaintiff,

v.

SHARP PROFESSIONAL
CONSULTANTS, LLC,
ELIZABETH POWELL and
APHRIA, INC.

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, SCOTT BERLIN ("Plaintiff"), sues Defendants, SHARP PROFESSIONAL CONSULTANTS, LLC, ELIZABETH POWELL, and APHRIA INC. ("Defendants"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Plaintiff was a non-exempt employee performing security officer services and delivery services for Defendants in or around Alachua County, Florida.

3. Defendants are within the jurisdiction of this Court and are in the business of delivering and cultivating medical marijuana and related security and delivery services.

4. Defendant ELIZABETH POWELL is one of the owners of SHARP PROFESSIONAL CONSULTANTS, LLC. She is an "employer" because she either: (i) exercise managerial control over a business or run the day-to-day operations of a covered

1

enterprise; and/or (ii) directly participate in hiring, firing, employee compensation decisions, or other work issues.

5. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201et seq.

7. SHARP PROFESSIONAL CONSULTANTS, LLC was believed to be a security contractor to APHRIA, INC., which is believed to operate a legal marijuana farm and delivery service. SHARP PROFESSIONAL CONSULTANTS, LLC hired Plaintiff and paid him.

8. APHRIA INC. is a joint employer of Plaintiff under the FLSA as evidenced by the following:

    a. APHRIA INC. would direct Plaintiff's delivery of the product (as Plaintiff also delivered the product APHIRA produced, in addition to providing for its security),

    b. APHRIA INC. would direct how Plaintiff would check persons into the facility,

    c. upon information and belief, at the time Plaintiff worked for them, SHARP PROFESSIONAL CONSULTANTS, LLC only worked for APHRIA INC.,

      d.      Plaintiff was told to do whatever APHRIA INC. and its employees told him to do or else he would be terminated;

      e.      APHRIA INC. would control how Plaintiff was making the deliveries,

      f.      Plaintiff worked exclusively at the facilities owned and/or operated by APHRIA INC.,

      g.      policy changes about how Plaintiff was to do his job were communicated from all three Defendants,

      h.      the performance of Plaintiff's security services is integral to APHRIA INC.'s business and is believed to be required by law for that type of business (*See e.g.* Fla. Stat. Sec. 381.986),

      i.      APHRIA INC., upon information and belief, paid for and supplied the cars (and gas) Plaintiff used for deliveries,

      j.      APHRIA INC. would control how many employees were assigned to driving (to make deliveries) compared to staying at the facility and whether Plaintiff would be driving or providing security for various parts of the day,

      k.      since APHRIA INC. was the only place to work if the employee worked for SHARP PROFESSIONAL CONSULTANTS, LLC there was no reassignment and an instruction from APHRIA INC. that Plaintiff should be terminated would thus end his employment with all Defendants,

        l.    APHRIA INC. would ask Plaintiff to do tasks when shorthanded, and

        m.    SHARP PROFESSIONAL CONSULTANTS, LLC, shares its physical address (as per its license with the Florida Department of Agriculture) as the same location as APHRIA, INC.'s Alachua address and the same location where Plaintiff worked.

9.    Defendants are covered via enterprise coverage because they jointly have at least two employees and are believed to jointly have an annual dollar volume of sales or business done of at least $500,000. Moreover, they are believed to use materials that originate from outside Florida in their business, such as the vehicles driven by Plaintiff.

10.    At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

11.    During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks during 2017. *See* **Exhibit A**.

## **RECOVERY OF OVERTIME COMPENSATION**

12.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-11 above.

13. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

14. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

15. Prior to bringing this lawsuit, Plaintiff contacted Defendants asking for payment for overtime not paid to him during the relevant time period (which is all within 2017). *See* **Exhibits A, B and C**.

16. Despite Plaintiff's multiple attempts to obtain his overtime and liquidated damages due without the assistance of the Court system, Defendants refused to pay those sums in full. *See e.g.* **Exhibit D**.

17. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

18. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against all Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

April 23, 2018

By <u>/s/ Michael Massey</u>
    Michael Massey
    Massey & Duffy
    855 E. Univ. Avenue
    Gainesville, Florida 32601
    FBN 153680